**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4889**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

PATRICK ALVIN GERALD,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (7:07-cr-00056-BR)

─────────────

Submitted:  March 20, 2008          Decided:  April 14, 2008

─────────────

Before NIEMEYER and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Alvin Gerald appeals from his convictions for distribution of cocaine and cocaine base and his resulting 70-month sentence. On appeal, Gerald's attorney has filed an Anders[*] brief, noting that Gerald waived the right to appeal his sentence, but questioning whether the district court erred in denying Gerald's motion for a continuance of his sentencing hearing. Gerald was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss the appeal on the basis of Gerald's waiver of the right to appeal in his plea agreement.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.

_____

[*]Anders v. California, 386 U.S. 738 (1967).

2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

The transcript of the plea hearing reveals that Gerald, a 33-year-old high school graduate, understood the waiver provision in his plea agreement. In his plea agreement, Gerald specifically waived the right to challenge his sentence on appeal, reserving only the right to challenge a sentence in excess of the applicable advisory Guideline range. We therefore conclude that Gerald knowingly and intelligently waived the right to appeal his sentence.

Turning to the scope of the waiver, the sentencing claim Gerald raises on appeal falls within the scope of the waiver provision. See id. at 169-70 (holding that waiver of right to appeal in plea agreement accepted before decision in United States v. Booker, 543 U.S. 220 (2005), was not invalidated by change in law). In addition, Gerald's sentence is within the applicable statutory maximum sentence on each count. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2007) (setting twenty-year maximum for offenses involving a detectable amount of powder cocaine); 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2007) (setting forty-year maximum for offenses involving more than five grams of crack cocaine). Finally, Gerald was sentenced within

the advisory Guideline range. Because Gerald's valid and enforceable waiver of appellate rights precludes review of the sentencing issue raised on appeal, we grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

The waiver provision, however, only waived Gerald's right to appeal his sentence. Defense counsel does not assert any errors related to Gerald's guilty plea or convictions. However, counsel correctly notes in the response to the motion to dismiss that Gerald's appeal waiver does not preclude our review pursuant to Anders. In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues not covered by the waiver and have found none. The court fully complied with the mandates of Rule 11 in accepting Gerald's guilty plea and ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny the Government's motion to dismiss in part and affirm Gerald's convictions.

Thus, the Government's motion to dismiss is granted in part and denied in part, Gerald's appeal is dismissed in part, and his convictions are affirmed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such

a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>